Thank you. Good morning and may it please the court. Mary Christine Sangaila of the Bughalter Law Firm and the Loyola Law School Appellate Clinic pro bono appointed counsel for the petitioner. I would like to reserve five minutes for rebuttal please. Okay counsel, I'm gonna get right to the chase. There is currently no order, there's no order of removal against your client at this time is that correct? Yes or no? Is there an order for removal at this moment? No because the case was in process from the IJ to the BIA after reopening so it's awaiting a decision from the BIA on the second go-round. Okay so there is, excuse me, there's nothing adverse against your client at this time so I don't understand how we could possibly have jurisdiction. She may win at this point. She could as easily win as lose and so what right is there to vindicate at this moment? She's not subject to removal. So we urged that under the collateral order doctrine this court has jurisdiction to assess the validity of the reopening which was not supported, well was against the board's own regulations and law. She's better off now than she was. She has no order of removal. You're fighting against something that's to her benefit at the moment. I don't understand that. Could I clarify? I'm confused based on the government's most recent filing. Is the government no longer seeking to deport your client? So not only is there no final order of removal, the Department of Homeland Security is not currently seeking to remove your client. Did I understand that correctly? We did just receive the we understand because of a deferred of eligibility, deferred status for a visa. In other words, there was no requirement that that cancellation happen. But is it true that DHS at this point in time is not seeking to remove your client? Well that would be a question to confirm with Ms. Greer. We have had some discussions with regard to that. Is there an order pending? Is there any proceeding pending? The proceedings before the BIA are currently still pending. Okay. So there is still a proceeding. The reinstatement was canceled unilaterally at totally at the government's discretion. And so it could be, for example. How can the proceedings be continuing if there's no order seeking to deport your client? Well, there is an underlying 2004 order of removal, which could be reinstated at any time once again, and that has not been reopened or terminated. What we are trying to do is to get back to, as Justice Graber and Justice Clifton indicated in the case just before ours, that there are some shenanigans going on here with regard to the government. In that we had our earlier appeal that was dismissed two weeks before the government's brief was responsive, brief was due, and after the government said reversal was indeed likely, that was when they sought reopening before the BIA and this court dismissed that earlier appeal. In that appeal, we would have, we were urging and we believe we would have gotten relief. Let me ask you to focus on what is in your best interest for your client. Now, let me say at the beginning, I understand this is a case through the pro bono program. And so you've taken the case on as it was handed to you and have an interest in pursuing it. But I stop and look and say, well, how can it possibly be better for your client to proceed on the theory that she's facing a deportation order, when in fact she is not, and that the agency is bound to pursue a claim against her, which is theoretically possible, but far from factually certain at this point. I mean, this sounds to me like the case when the judge says you win, you get out of the courtroom before they can change their mind. Because I don't understand how your client's position could be improved by successfully pursuing the argument you're trying to make to us. At the end of that day, the best that happens is the whole thing gets remanded to the agency, which is exactly where it is by your telling right now. So what is there, you want us to proceed to make it any better for your client? Well, under the previous appeal, we urged, and because the BIA reached every ground of both the cat claim and the withholding claim, we could have received outright relief, both withholding and cat protection, from this court. I really don't think so. If you dig into your arguments, it seems to me at the end of the day, the most likely relief you could get is going back and telling the agency, no, the grounds upon which you rejected this application failed. But that doesn't mean that we're in a position to say, you must grant relief, you must grant asylum. At the end of the day, asylum is discretionary anyway. Well, it's withholding, which is mandatory, and cat protection. But that's a much harder kind of relief to get. And I've done many of these cases. This is the strongest case I've ever seen on the merits. Well, it's not the strongest case I've ever seen. And I come back to, well, it's your election, but it seems to me I'm really hard pressed to see how your client is better off by pursuing the argument you're making that causes us to dig into this case. And who knows, maybe we say, gee, there's enough here. Your record might not compel the result that you're arguing for, as opposed to simply remanding and seeing what happens at the next stage. This is your call. But as I say, I really have trouble seeing how your clients benefited by that position. Counsel, you have about two and a half minutes left. After you answer Judge Clifton's question, you may want to reserve. And maybe there's nothing to say. That's fine. Yes, well, we are concerned about that, that there were no grounds for reopening in this case. And there have been constant shifts just as we get to a point of decision by this court, both in the prior appeal and this one. And so we do think there's value to this because we are concerned that if this court isn't able to supervise or review things, that the government could continue to do things that are not reviewable by this court and that could further harm our client. Thank you. Thank you. We'll hear from Ms. Greer. No, you have to unmute, please. Sorry about that. May it please the court, Christina Greer on behalf of the U.S. Attorney General. Your Honors, the petitioner asked this court to review the board's discretionary decision to reopen proceedings to a sponte in the absence of a final order of removal. Counsel, counsel, could you get closer to the microphone? It's quite hard to hear you. Yes. Is this better? Yes, thank you. So the petitioner's request fails for four reasons. And in order to prevail, she must win on all four of those issues. First and foremost, as was pointed out, this claim is now moved because the reinstated order that was against her has been rescinded. Can you explain what the import of that is? Does that mean, as I ask opposing counsel, that the government is no longer seeking to remove her or deport her? So what is the current status? Because I'm not understanding. Well, the current status is a little complicated. First of all, I can't share the basis of the rescission of the reinstatement order due to confidentiality protections. So only petitioner may reveal that or she must waive those confidentiality provisions. But I can say that in this posture, this is a reinstatement case. And so the only reason that she was before the immigration judge and the board was to determine whether her removal would be withheld. And so the reinstatement order was the order of removal. The question before the court was just whether that removal would be withheld. Now, because the reinstated order has been rescinded, the government is no longer actively seeking to remove Ms. Garcia. And additionally, have moved to dismiss the proceedings before the board because now there's no removal to withhold. That's the question here. It's not a question of removability. She's already been or she had been before the order was rescinded. She had been determined to be removable. So the only question before the agency was whether that removal should be withheld. Because she and Ms. Greer, that would be either withholding of removal or cap and leave. Correct. There's no asylum claim remaining. Am I right about that or am I wrong about that? You are right about that. So so there is currently there is currently no no order of removal that is active. And no attempt is being made to remove her at this time. Correct, Your Honor. And in fact, what could be started at this point? And could the prior order be reinstated again? But a whole new procedure started based on prior history. What risk is she facing? At this point, this is a little complicated because I can't go into what she has been found eligible for. So that complicates my ability to answer your question. Why is that confidential? By statute, the statute provides for monetary penalties if I divulge that information without her permission. And she did not during the opening argument. So I cannot without risking, especially in public during an oral argument. I cannot do so without risking monetary penalties. But I can see if we are able to file that information with the court. After this oral argument, perhaps undersea. But can you answer Judge Clifton's question about hypothetically, what actions does the government take at this point to renew the order of removal or take other steps? Like I said, that's bound up in the type of what she's been found eligible for. So hypothetically, if she had not been found eligible for anything, which is the only hypothetical I can go forward with at this point, because that information has not been provided, the government could reinstate proceedings again. And then she would be able to seek a reasonable fear interview again and could again seek withholding of removal. She has not been precluded. She's not precluded from doing so. And if that happened, we would have judicial review if there were another order of removal. Correct. You would. Or you would if she was denied withholding or CAD. Right. Obviously, an adverse finding. So in civil terms, the government dropped their complaint. Of course, the government can bring its complaint again. It can be resolved in front of the agency one way or the other. And if the petitioner loses, then she has the right to petition for review. But at this point, there's no compensation. Yes, that's correct. OK, so the opposing counsel thinks there's a basis for jurisdiction because there are still proceedings before the BIA and because there is a habit. She lost the ability to have the prior case determined by the by the court. So do either of those provide us with a basis for jurisdiction? If not, why? No, Your Honor. So when it comes to assuming that these recent developments have not happened, she still has established that there's jurisdiction to review this order to respond to reopen. First of all, the judicial review scheme for immigration cases is special. It provides that a petition for review is only available for final orders of removal. And then it also provides that all issues of law questions. In fact, all of those terminations are only reviewable along with a petition for review in the circuit pool. But without that final order of removal, one cannot avail themselves of that petition for review scheme. Now, petitioner discusses a third circuit case, Shahadzek. But that case arose in district court precadence and APA review. It is different than the Hobbs Act and INA review available under INA 1252. And the INA, this collateral order doctrine is contrary to the very clear statements in the statute that all questions of fact and law arising in any action or proceeding brought to remove an alien from the United States under the subchapter shall be available only in judicial review of a final order under this section. And counsel, it seems to me that even if there were otherwise available a collateral order doctrine in this context, the doctrine requires that there be an inability to vindicate the ultimate rights by waiting. For example, if you're not subject to suit at all, then having to go through a trial can't be vindicated after the trial. But it seems to me in this context that if there is a, regardless of whether there's a new proceeding, if there's an adverse finding in an order of removal, everything can be vindicated by a petition to this court. Yes, Your Honor. And that is supported by Reno versus American Arab Anti-Discrimination Committee, where the Supreme Court talked about the zipper clause, which the whole point of that is that all of these issues are wrapped up into one and reviewed all at once by the circuit court. And so when it comes to collateral order doctrine, there's no, for the third issue, the order must be effectively unreviewed on appeal for a final judgment because the interest at stake is so important that it would effectively be unable to be reviewed at a later point. And here, as you pointed out, Your Honor, petitioner could vindicate this right later. And there's no sufficient, the Supreme Court, and I have not had to go to appeals, decision stating that there's a right to be free from additional briefing, where there's a right to be free from additional appellate review, or there's a right to be free from additional proceedings on an application you have provided seeking to withhold your removal from the United States. Ultimately, petitioner is seeking a benefit. And so reopening could inure to repent. It is not a foregone conclusion, as petitioner presumes, that she would have been denied again by the board. It's entirely possible, depending on the arguments, depending on the factual findings, that it could have come out differently. And Your Honors, I see that. Thank you, counsel. And I believe there is rebuttal time remaining. Thank you, Your Honor. Yes, as to the status, there is no change in status as to our client. There is deferred status, as I mentioned, which the government has known about for over a year. So there's been no new development to cause them to suddenly cancel the reinstatement. Well, they're late to the party, but they're late to the party. So they did this, what they should have done a year ago. So why is that a problem? Well, because it could be reinstated again. I mean, it is out of the goodness of their heart. They do not have this status tomorrow after this after this argument. They could decide that it's that that's not cancellation isn't required because until she has a change in status, it's not required. If that happens and if there's a hearing and if your client loses again, you'll have a full opportunity to come to this court on the appropriate and relevant record. I don't understand how we can possibly meddle at this point, especially because we don't have any idea what's going on because neither party has told us. Well, I do think that there is a point to to addressing the reopening and the reopening standards, which were done with absolutely no basis and outside of the guidelines, which makes me wonder why we did that. But that but that, as I understand it, that reopening is now irrelevant. There is nothing to reopen. There is no order of removal currently. So she can't be removed. So she can't. I don't understand what there is that we could do for you. I, I, I, well, we can see on on remand already, the IJ has doubled down on its earlier decision denying her relief. I don't imagine the BIA will do anything different, although they will be smarter this time and they'll only decide one ground so that remand will be necessary over and over to the BIA if they do reinstate things. And that is what is unfair about an improper about these proceedings. And that is a ground for collateral order review with regard to reopening as well. If there is a possibility of endless agency proceedings without oversight from this court on grounds that Mr. is quite experienced. Their accounts are quite experienced. They know when there's grounds and when there's not grounds to be doing these things. And thus far, does not give a lot of confidence that they won't do whatever they can do. Like I said, tomorrow, reinstate the currently canceled thing and continue to use this ploy of reopening where there's no basis at all and escape review from that or any kind of chastisement for doing that. And that is really our concern. And in addition, we did want our our our our original record where there were credibility findings and findings on every every element of every claim. That is what we want. Thank you. You've exceeded your time and I think we understand your position. The case just started is submitted and we appreciate the arguments from both counsel. Thank you. Thank you, Your Honor.
judges: Graber, Clifton, Ikuta